Eastern District of Kentucky
FILED
NOV 1 4 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON**

**CRIMINAL ACTION NO. 05-37-DLB**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**   **OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT OF ACQUITTAL**

**CHANTEL MONIE**                                                **DEFENDANT**

********************************

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29, Federal Rules of Criminal Procedure. (Doc. # 52). The government having responded to the motion, it is now ripe for the Court's review. For the reasons that follow, the motion is **denied**.

### II. BACKGROUND

On October 19, 2005, a jury found Defendant guilty of two counts of aiding and abetting Daniel Key in the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of aiding and abetting Key in his possession of a firearm during the second crack sale in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. Defendant moves for acquittal on all counts on the ground that the evidence introduced during trial was insufficient for any reasonable jury to convict her.

1

## III. ANALYSIS

Defendant was charged in Counts 2 & 3 of the Indictment with aiding and abetting co-Defendant Daniel Key in the Distribution of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. As the jury was instructed, for the Defendant to be found guilty of the crime of the distribution of crack cocaine, it was not necessary for them to find that she personally committed the crime herself. The jury could also find her guilty if she intentionally helped or encouraged someone else to commit the crime.

To find Defendant guilty of Counts 2 or 3 as an aider and abettor, the jury was instructed that the government must prove three essential elements beyond a reasonable doubt:

First, that the crime of distribution of crack cocaine was committed in violation of federal law;

Second, that the Defendant helped to commit the crime in some way or encouraged someone else to commit the crime; and

Third, that the defendant intended to help commit or encourage the crime.
United States v. Harris, 397 F.3d 404, 415 (6th Cir. 2005). The jury was further instructed that proof that Defendant may have known about the crime, even if she was there when it was committed, was not enough for the jury to find her guilty. What the government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed.

Defendant was charged in Count 4 of the Indictment with aiding and abetting co-Defendant Daniel Key in the Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. The jury was instructed

2

similarly on Count 4. There were no objections to the Jury Instructions.

Defendant contends that the Government failed to make the necessary showing that she intended to assist Key with his crack sales in Counts 2 and 3 or his possession of the firearm in furtherance of his crack sale in Count 4. She argues that the evidence, viewed in the light most favorable to the government, shows that at best, the government proved that she knowingly drove Key to the McDonald's parking lot where the sales occurred. Therefore, she requests that the Court enter a judgment of acquittal pursuant to Rule 29.

A Rule 29 motion for judgment of acquittal is a challenge to the sufficiency of the evidence. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir. 1996). "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United States v. Humphrey,* 279 F.3d 372, 378 (6th Cir. 2002) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)) The court must consider the record as a whole, including direct and circumstantial evidence. *United States v. King,* 169 F.3d 1035, 1039 (6th Cir. 1999). Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt. *United States v. Spearman,* 186 F.3d 743, 745 (6th Cir.1999). *See also United States v. Barnett,* 398 F.3d 516, 521-22 (6th Cir. 2005). In ruling on a sufficiency of the evidence challenge, the Court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury. *Id.*

In this case, the proof established that through the use of a confidential informant,

3

agents with the Northern Kentucky Drug Strike Force conducted two controlled buys of crack cocaine, one on November 9, 2004, and one on January 4, 2005. The evidence further established that prior to the November transaction, the informant contacted Daniel Key, Ms. Monie's co-defendant, and arranged to buy crack from Key in the parking lot of the McDonald's Restaurant, located at the corner of Turfway Road and Dixie Highway. On the evening of November 9, 2004, Key arrived for the sale in a blue Cadillac driven by Ms. Monie, with whom he had been romantically and in whose home he previously resided. The evidence established that the Cadillac was registered in Ms. Monie's name. The evidence further established that at time of the November controlled buy, the informant got into the backseat of the Cadillac and purchased approximately 1.3 grams of crack cocaine from Key. An audio tape of the controlled buy was admitted which revealed the Defendant speaking to the informant during the buy.

The January 4, 2005 controlled purchase occurred in essentially the same manner as the November transaction. Key was driven to the same McDonald's parking lot by Defendant in her Cadillac. The informant entered the vehicle and got into the back seat whereupon he purchased approximately 3.9 grams of crack cocaine. Once again, during the audio recording of the transaction, Ms. Monie is overheard speaking to Key and the informant. Upon the informant exiting the Cadillac, strike force agents apprehended Key. As they were approaching Key, he was observed by agents weighing out additional crack cocaine on a digital scale which was balanced on his lap. This occurred in the passenger seat of the vehicle a few feet from Ms. Monie.

Key was thereafter removed from the Cadillac and placed face down on the pavement by agents. As Key was being rolled over by agents in an effort to handcuff him,

a pistol fell out of the pocket of his jacket. Key testified that he had the pistol for protection during the drug deal. Officers also testified at trial that crack dealers often carry firearms to provide protection for themselves, their product and their cash.

The testimony also established that a couple of weeks or so before January 4, 2005, Key purchased the pistol on the street. Key explained that he obtained the pistol because Ms. Monie had been robbed, and Key was concerned about her safety. Consistent with Key's concern, the pistol was kept in Ms. Monie's living room closet at her residence. Prior to the January 4, 2005, transaction, Key called Ms. Monie for another ride to the Florence McDonald's. After arriving at Ms. Monie's house, Key removed the pistol from the living room closet. The evidence established that Ms. Monie was present when Key removed the pistol from the closet. Key thereafter placed the pistol in his jacket pocket, and he left the house with Ms. Monie and her two year old son to proceed to the drug deal in Florence.

Based on the evidence admitted during trial, and viewing that evidence in the light most favorable to the government, a rational trier of fact could conclude that Ms. Monie knew she was driving Key to two drug deals at the McDonald's parking lot in Florence, Kentucky. The circumstantial evidence was also sufficient to establish that Ms. Monie knew Key was taking the pistol with him for the second drug transaction.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal be, and is hereby **DENIED.**

This 11th day of November, 2005.



Signed By:
*David L. Bunning*  DB
**United States District Judge**

G:\DATA\ORDERS\CovCrim\2005\05-37 Order Denying Rule 29.wpd

6